THE ATTORNEY GENERAL HAS RECEIVED YOUR REQUEST FOR AN OPINION ON THE FOLLOWING QUESTION:
 WHETHER OR NOT THE CITY-COUNTY HEALTH DEPARTMENT HAS JURISDICTION TO INSPECT NURSING HOMES PURSUANT TO STATE STATUTES 63 O.S. 1-206 (1981) AND NURSING HOME CARE ACT, 63 O.S. 1-1901 ET SEQ.
THIS OPINION EXAMINES THE STATUTES THAT YOU HAVE CITED IN YOUR REQUEST AND DISCUSSES THE JURISDICTION OF THE CITY-COUNTY HEALTH DEPARTMENT PURSUANT TO EACH.
THERE ARE TWO ACTS AT ISSUE IN YOUR REQUEST. FIRST, ARTICLE 2 OF THE PUBLIC HEALTH CODE IS ENTITLED "LOCAL HEALTH SERVICES." 63 O.S. 1-201 ET SEQ. THIS ACT DEALS DIRECTLY WITH THE STRUCTURE AND RESPONSIBILITIES OF LOCAL HEALTH DEPARTMENTS AND SPECIFICALLY WITH CITY-COUNTY HEALTH DEPARTMENTS. SECOND, THE LEGISLATURE PROMULGATED, IN ARTICLE 19 OF THE PUBLIC HEALTH CODE, THE "NURSING HOME CARE ACT" FOUND AT 63 O.S. 1-1901 ET SEQ. THIS ACT ESTABLISHES, AMONG OTHER THINGS, THE STATE NURSING HOME LICENSING AND INSPECTION PROCEDURES AND REQUIREMENTS.
THE STATUTE YOU RAISE FIRST IN YOUR REQUEST, SECTION 1-206, PROVIDES AS FOLLOWS:
 ". . . A CITY-COUNTY DEPARTMENT OF HEALTH SHALL IN ITS RESPECTIVE JURISDICTION(S) . . . SUPERVISE N URSING, CONVALESCENT AND REST HOMES, AND RELATED INSTITUTIONS; ASSIST THE STATE COMMISSIONER OF HEATH IN THE PERFORMANCE OF HIS OFFICIAL DUTIES, N PERFORM SUCH OTHER ACTS AS MAY BE REQUIRED BY THE COMMISSIONER.."
AS YOU WELL KNOW, THE PRIMARY GO A OF STATUTORY CONSTRUCTION IS TO ASCERTAIN AND FOLLOW THE INTENTION OF THE LEGISLATURE. KEDBETTER V. OKLAHOMA ALCOHOLIC BEVERAGE LAWS ENFORCEMENT COMMISSION, 764 P.2D 172 (OKLA. 1988). IN ADDITION, THE CARDINAL RULE OF STATUTORY CONSTRUCTION IS TO BEGIN WITH CONSIDERATION OF THE LANGUAGE CITED AND TO NOT READ INTO A STATUTE EXCEPTIONS NOT CREATED BY THE LEGISLATURE. A STATUTORY CONSTRUCTION MUST AVOID ABSURD RESULTS AND GIVE A RATIONAL CONSTRUCTION OF THE STATUTE WHERE POSSIBLE. ID.
THERE IS NO PLAIN LANGUAGE IN 63 O.S. 1-206 THAT REQUIRES THE CITY-COUNTY HEALTH DEPARTMENTS TO INSPECT NURSING HOMES. INSTEAD, THE PLAIN LANGUAGE PROVIDES THAT THE CITY-COUNTY HEALTH DEPARTMENTS SHALL SUPERVISE NURSING HOMES IN THEIR RESPECTIVE JURISDICTIONS. IT ALSO REQUIRES THAT THEY ASSIST THE STATE COMMISSIONER AND PERFORM SUCH ACTS AS REQUIRED BY THE COMMISSIONER.
BLACKS LAW DICTIONARY, 6TH EDITION, DEFINES "SUPERVISE" AS MEANING "TO HAVE GENERAL OVERSIGHT OVER, TO SUPERINTEND OR TO INSPECT." PURSUANT TO THIS DEFINITION ALONE, THE CITY-COUNTY HEALTH DEPARTMENTS WOULD APPEAR TO HAVE THE AUTHORITY TO INSPECT NURSING HOMES IN COMPLIANCE WITH THEIR SUPERVISORY DUTIES IN THEIR RESPECTIVE JURISDICTIONS.
TO DETERMINE THE JURISDICTION OF THE CITY-COUNTY HEALTH DEPARTMENT, 63 O.S. 1-214 MUST BE EXAMINED. 63 O.S. 1-214 DESCRIBES THE DUTIES OF THE CITY-COUNTY HEALTH DEPARTMENT AS FOLLOWS:
 "SUCH CITY-COUNTY HEALTH DEPARTMENT SHALL, UNDER THE SUPERVISION OF THE DIRECTOR, ENFORCE AND ADMINISTER ALL MUNICIPAL AND COUNTY ORDINANCES, RULES AND REGULATIONS, AND ALL STATE LAWS, AND RULES AND REGULATIONS OF THE STATE BOARD OF HEALTH PERTAINING TO PUBLIC HEALTH MATTERS IN THE JURISDICTION WHERE IT IS CREATED. OR IN ANY AREA WHERE IT HAS JURISDICTION TO OPERATE BY AGREEMENT." 63 O.S. 1-214(D) (EMPHASIS ADDED). CONSEQUENTLY, THE JURISDICTION OF THE CITY-COUNTY HEALTH DEPARTMENT, UNDER THIS PROVISION, BEGINS WITH THE CITY AND COUNTY OF ITS CREATION. IT ALSO INCLUDES ANY AREA IN WHICH SUCH A DEPARTMENT HAS JURISDICTION TO OPERATE BY AGREEMENT.
IN ADDITION, THE DIRECTOR OF A CITY-COUNTY HEALTH DEPARTMENT IS CHARGED WITH SUPERVISING THE CITY-COUNTY HEALTH DEPARTMENT ACTIVITIES AND HAS BEEN GIVEN THE FOLLOWING DUTIES:
 ". . . SUCH DIRECTOR SHALL ADMINISTER AND ENFORCE ALL MUNICIPAL AND COUNTY ORDINANCES, RULES AND REGULATIONS RELATING TO PUBLIC HEALTH MATTER, AND HE SHALL ALSO ADMINISTER STATE LAWS. AND RULES AND REGULATIONS OF THE STATE BOARD OF HEALTH PERTAINING TO PUBLIC HEALTH. SUBJECT TO ADMINISTRATIVE SUPERVISION OF THE STATE COMMISSIONER OF HEAL K. ANY OTHER POWERS, AUTHORITY, DUTIES OR FUNCTIONS WHICH ARE NOW OR MAY HEREAFTER BE CONFERRED BY LAW ON COUNTY OR CITY SUPERINTENDENTS OF PUBLIC HEALTH ARE HEREBY CONFERRED ON SUCH DIRECTOR OF THE CITY COUNTY HEALTH DEPARTMENT." 63 O.S. 1-215
IN CONTRAST TO THE ABOVE CITED STATUTES, THE LEGISLATURE HAS MORE CLEARLY DEFINED STATE NURSING HOME INSPECTIONS. AS YOU CITED IN YOUR OPINION REQUEST, THE OKLAHOMA LEGISLATURE HAS PROMULGATED AN ACT CONCERNED SPECIFICALLY WITH NURSING HOMES, THE NURSING HOME CARE ACT. 63 O.S. 1-1901 ET SEQ. THAT ACT GIVES THE DEPARTMENT OF HEALTH THE DUTY TO LICENSE AND CERTIFY NURSING HOMES. WITHIN THAT ACT, THE LEGISLATURE REQUIRES THE STATE DEPARTMENT OF HEALTH TO INSPECT STATE LICENSED NURSING HOMES. 63 O.S. 1-1911. THE INSPECTIONS ARE TO BE ACCOMPLISHED BY A "DULY APPOINTED REPRESENTATIVE OF THE COMMISSION." 63 O.S. 1-1911(A) (1990).
CONSEQUENTLY, THE LEGISLATURE HAS SPECIFICALLY DISTINGUISHED THE STATE DEPARTMENT OF HEALTH AS THE ENTITY TO ACCOMPLISH STATE INSPECTIONS OF NURSING HOMES. IT THEREFORE APPEARS THAT THE LEGISLATURE INTENDED TO IDENTIFY ONLY THE STATE DEPARTMENT OF HEALTH AS THE AGENCY CHARGED WITH THE DUTY OF INSPECTING NURSING HOMES ON BEHALF OF THE STATE.
HOWEVER, AS DISCUSSED PREVIOUSLY, THE LEGISLATURE ALSO GAVE THE CITY-COUNTY HEALTH DEPARTMENTS THE AUTHORITY TO SUPERVISE NURSING HOMES WITHIN THEIR RESPECTIVE JURISDICTIONS. IN ADDITION, THE CITY-COUNTY HEALTH DEPARTMENT'S DIRECTOR HAS THE AUTHORITY TO ADMINISTER CITY, COUNTY AND STATE LAWS WITHIN THE DEPARTMENT'S RESPECTIVE JURISDICTION. IN TURN, EACH SUCH DIRECTOR SHALL ADMINISTER STATE LAWS SUBJECT TO THE ADMINISTRATIVE SUPERVISION OF THE STATE COMMISSIONER OF HEALTH.
AS A RESULT, THE ANSWER TO YOUR QUESTION IS THAT CITY-COUNTY HEALTH DEPARTMENTS DO HAVE THE AUTHORITY TO INSPECT NURSING HOMES AS PROVIDED FOR IN THE LAWS OF THEIR RESPECTIVE COUNTY OR CITY JURISDICTION AS AUTHORIZED BY 63 O.S. 1-206. HOWEVER, THIS OPINION DOES NOT EXAMINE OR DEFINE THE EXTENT OF THE JURISDICTION THESE DEPARTMENT HAVE TO SUPERVISE NURSING HOMES PURSUANT TO COUNTY OR CITY LAWS.
WITH RESPECT TO STATE INSPECTIONS, SHOULD THE COMMISSIONER OF HEALTH REQUEST THAT THE CITY-COUNTY HEALTH DEPARTMENT ASSIST HER AGENCY IN THE INSPECTIONS OF NURSING HOMES, THE DEPARTMENTS WOULD BE UNDER THAT OBLIGATION. 63 O.S. 1-206. FURTHERMORE, SHOULD THE COMMISSIONER OF HEALTH DESIGNATE INSPECTORS FROM THE CITY-COUNTY HEALTH DEPARTMENTS AS "DULY APPOINTED REPRESENTATIVES OF THE COMMISSIONER" TO INSPECT NURSING HOMES, THE CITY-COUNTY HEALTH DEPARTMENTS WOULD BE REQUIRED TO INSPECT. 63 O.S. 1-1911(A).
IN CONCLUSION, CITY-COUNTY HEALTH DEPARTMENTS HAVE STATUTORY JURISDICTION TO SUPERVISE NURSING HOMES PURSUANT TO CITY OR COUNTY LAWS BUT ARE LIMITED IN MAKING INSPECTIONS PURSUANT TO THE STATE NURSING HOME CARE ACT TO THAT APPROVED OR REQUESTED BY THE STATE DEPARTMENT OF HEALTH.
(BRITA HAUGLAND CANTRELL)